**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILTON BURTON,<br><br>              Plaintiff,<br><br>       v.<br><br>KEN CLARK, et al.,<br><br>              Defendants.<br>                                                      / | CASE NO. 1:09-cv-01360-GSA PC<br><br>ORDER DENYING MOTION FOR COUNSEL, AND DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE ANY CLAIMS<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I.       Screening Requirement**

Plaintiff Eric Wilton Burton, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities Act (ADA)), and 29 U. S. C. § 794 (Rehabilitation Act (RA)) on August 4, 2009. Plaintiff alleges that Warden Ken Clark of the California Substance Abuse Treatment Facility and State Prison, and Warden James A. Yates of Pleasant Valley State Prison violated his rights under the Eighth Amendment, the ADA, and the RA by failing to ensure that his medical and safety needs were met and that he was housed at an appropriate facility given his legal blindness.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**II.     Plaintiff's Complaint**

     **A.     Motion for Appointment of Counsel**

In his complaint, Plaintiff requests the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. Plaintiff's motion for counsel is denied.

**B.    Plaintiff's Claims**

**1.    Eighth Amendment Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the

///

official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A plaintiff must allege sufficient facts to support a claim that "the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Although Plaintiff, who alleges he is legally blind in both eyes due to end stage glaucoma and optic nerve damage, contends in general that his health and safety are at risk, in violation of his rights under the Eighth Amendment, Plaintiff has not alleged any facts supporting a claim that Defendants Clark and Yates "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety." Farmer, 511 U.S. at 837. Plaintiff's allegation that Defendant Clark failed to properly supervise subordinate officers evidences an intent to hold Wardens Clark and Yates liable simply based on their positions of authority, which is not permissible. Iqbal at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability under section 1983, and liability must be premised on the personal involvement of each defendant in the violation of Plaintiff's rights. Id.

### 2. ADA and RA Claims

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped

within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

Plaintiff's conclusory allegations that he is legally blind in both eyes due to end stage glaucoma and optic nerve damage, is ADA qualified, and should be housed at an appropriate ADA facility do not state a claim against Defendants Yates and Clark for violating his rights under the ADA or the RA. Plaintiff has not alleged sufficient facts to support a viable ADA or RA claim. Iqbal at 1949-50; Moss, 572 F.3d at 969.

### 3. Claim for Injunctive Relief

Plaintiff seeks money damages and injunctive relief in this action. Because Plaintiff is no longer housed at Pleasant Valley State Prison (PVSP) or the California Substance Abuse Treatment Facility and State Prison (CSATF), he is not eligible for any equitable relief in this action. 18 U.S.C. § 3626(a)(1)(A); S.E.C. v. Gemstar-TV Guide Int'l, Inc., 367 F.3d 1087, 1091 (9th Cir. 2004). Plaintiff's claims are limited to money damages for the past conduct of prison officials at PVSP and CSATF, assuming Plaintiff is able to amend to cure the deficiencies in his claims. E.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

## III. Conclusion and Order

Plaintiff's complaint does not state any claims for relief for violation of his federal rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal at 1948-49; Jones, 297 F.3d at 934. There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal at 1948-49. Although accepted as true,

the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion seeking the appointment of counsel is denied;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff's complaint, filed August 4, 2009, is dismissed for failure to state a claim upon which relief may be granted;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 11, 2010**          /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE